**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 10-322-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Jorge De Jesus-Casteneda, et al., | ) ) | |
| Defendants. | ) ) ) | |

Following his jury trial, Defendant Jorge De Jesus-Casteneda (hereafter "Defendant") moved for judgment of acquittal on the one count on which he was convicted: Possession with Intent to Distribute Methamphetamine.[1] Both parties agree that the standard this Court applies in considering a post-verdict motion for judgment of acquittal is, viewing the evidence in the light most favorable to the government, was there relevant evidence from which the jury could find defendant guilty beyond a reasonable doubt. Doc. 178 at 2; Doc. 183 at 3 (citing *United States v. Dreitzler*, 577 F.2d 539, 545 (9th Cir. 1978)).

The Government recounts that the following evidence was presented to the jury to prove Defendant's guilt of Possession with Intent to Distribute Methamphetamine:

1. A video that showed: Defendant alone driving the car with the methamphetamine

---

[1] The jury found Defendant not guilty of the three other counts charged in the superseding indictment.

to the warehouse, Defendant parking and retrieving the methamphetamine from the car, Defendant carrying the bag with the methamphetamine into the warehouse, Defendant keeping the bag until Mr. Diaz-Sosa took the contents from the bag, and Defendant observing Diaz-Sosa showing the contents of the bag to other people at the warehouse;

2. the undisputed testimony that the bag contained more than 10 pounds of methamphetamine; and

3. Defendant's own testimony that: he drove the car for a fee, during the drive he observed the contents of the bag had spilled out, Defendant re-packed the bag at the warehouse, and Defendant's inconsistent testimony regarding whether he knew, did not know or suspected that the contents of the bag were drugs.

Doc. 183 at 5-6.

Defendant did not file a reply and dispute that any of these facts were presented to the jury. Further, the Court's own recollection of the trial is that the Government has correctly recounted the evidence.

In his motion, Defendant does not dispute that he possessed the methamphetamine. Doc. 178 at 2. Instead Defendant disputes whether, during the time Defendant possessed the methamphetamine, there was sufficient evidence to establish that Defendant knew it was methamphetamine. As the Government notes, the jury instructions required the jury to find that Defendant either knew it was an illegal drug (Doc. 183 at 4) or that Defendant deliberately avoided learning the truth (Doc. 183 at 5).

Here, the evidence is that Defendant testified that he at least suspected the bag had illegal drugs. Defendant also testified that he saw the contents of the bag from when he re-packed it. Additionally, there is evidence that Defendant was paid to deliver the drugs to the warehouse. Finally, there was a video of Defendant actually delivering the drugs to the warehouse. Although Defendant presents an alternative interpretation of this evidence (that Defendant was merely present), viewing the evidence in the light most favorable to the Government, the Court finds the evidence to be sufficient for the jury to have convicted

1 | Defendant beyond a reasonable doubt on the Possession with Intent to Distribute
2 | Methamphetamine count.

Based on the foregoing,

**IT IS ORDERED** that Defendant's motion for post-verdict judgment of acquittal (Doc. 178) is denied.

DATED this 14th day of June, 2011.

_____
James A. Teilborg
United States District Judge